STATE Ex Rel. ADAMS–McGILL CO. *v.* McKERNAN

No. 2858

March 13, 1929.                                      275 P. 369.

*Chandler & Quayle,* of Ely, and *M. A. Diskin,* Attorney-General, for Petitioner.

*Guy E. Baker,* of Ely, for Respondent.

## OPINION

By the Court, SANDERS, J.:

The Adams-McGill Company, a taxpayer, made application to the state board of equalization, at its regular

meeting in August, 1928, to lower the assessed valuation of its land within the county of White Pine, theretofore established by the assessor and board of equalization of said county for the purpose of taxation, for the year 1928. Its said application was referred to the land committee of said state board of equalization for consideration and report. After a hearing the committee reported as follows: "This committee feels that we have insufficient information to enable us to act on the further application for reduction of valuations on the other properties of the Adams-McGill Company. We make no recommendation."

The state board of equalization approved and adopted the report of the land committee, and, without further action on the application, concluded its business and adjourned.

Thereafter the Adams-McGill Company renewed its application to the Nevada tax commission, at its regular meeting in October, 1928, to lower the assessed valuation of its land, as aforesaid. After a hearing the Nevada tax commission made an order reducing the assessed valuation of the land of the company in White Pine County, situate within a federal forest reserve therein, to the amount of $1.25 per acre, and reduced the value of its land situate without said federal forest reserve 25 per cent, and lowered the assessment on certain land under lease to the company 25 per cent.

Thereafter the secretary of the Nevada tax commission, as required by law, certified to John O. McKernan as auditor of White Pine County the changes or reductions as ordered by the comission, with direction to make the changes in the assessment roll prior to the delivery of his complete tax roll to the tax receiver of White Pine County. Upon receipt of the order, the auditor declined and refused to comply with its directions and presumably delivered his completed tax roll for the year 1928 to the ex officio tax receiver of White Pine County. Upon said refusal, the Adams-McGill Company filed its petition in this court for a writ of mandamus, commanding said John O. McKernan, as auditor of White Pine

County, to make the reductions as ordered by the Nevada tax commission. Upon consideration of the petition; an alternative writ of mandamus issued, and on the day fixed for return the respondent appeared by his attorney, who interposed a demurrer to the sufficiency of the petition for the writ and protested against it being made permanent, principally for the reason that it did not affirmatively appear from the petition that the petitioner had complied with the several steps required by statute to have the state board of equalization and the Nevada tax commission review the assessed valuation by the county assessor and the county board of equalization of White Pine County of petitioner's lands therein for the purpose of taxation for the year 1928.

We are not in accord with this contention, and are of opinion that the petitioner pursued the only remedy provided by law, to have the valuation of its land, as established by the local authorities, lowered or reduced.

Section 6 of the act creating the Nevada tax commission (Stats. 1917, p. 328) provides, among other things, that if the state board of equalization shall fail to perform the duties enumerated in the section, the Nevada tax commission may make such equalization as will be necessary, and any person whose assessment valuation has been raised by said state board of equalization may complain to the Nevada tax commission on or before the third Monday in October in said year, and said commission may correct and remedy any inequality or error so complained of.

■■ We are of opinion that the report of the land committee, approved by the state board of equalization, which report states, "We make no recommendation," was tantamount to the refusal of that board to grant the petitioner the relief demanded in its application, and by virtue of the provisions contained in section 6 it had the right to complain to the Nevada tax commission to remedy any inequality in the assessed valuation of its land. It is perfectly clear to us that, in view of the plain provisions contained in section 6, the petitioner pursued the only remedy it had under the statute to have the tax

commission make findings upon its complaint. Section 10 of the act provides that no redress from the finding of either the tax commission or the state board of equalization may be obtained in a court of law, and no action can be instituted upon the act of an assessor or the county board of equalization, or the state board of equalization, until the said tax commission has denied the complainant redress. We have no hesitancy in affirming our former order directing the writ to issue.